# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10140
CONSOLIDATED WITH
No. 23-10146

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANTIAGO SALAZAR-RAMIREZ,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:22-CR-230-1,
3:22-CR-117-1

————————————————————————

Before ELROD, OLDHAM, and WILSON, *Circuit Judges.*

PER CURIAM:[*]

Santiago Salazar-Ramirez appeals his sentence for illegal reentry into the United States after being removed, in violation of 8 U.S.C. § 1326(a), (b)(1).  He argues that because the indictment did not allege, and he did not admit as part of his guilty plea, that he sustained a qualifying conviction prior

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

23-10140
c/w No. 23-10146

to his removal, the district court erred by imposing a term of supervised release that exceeded one year. However, he concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he raises this issue merely to preserve it for further review. The Government has moved, without opposition, for summary affirmance, or in the alternative, for an extension of time to file a brief on the merits.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.